IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**KENNETH MCKOY
a/k/a KENNETH MCCOY,**

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent.**

**Civil Action No. 10-0837**

**(Criminal No. 06-332)**

**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER OF COURT DENYING
DEFENDANT'S MOTION FOR HABEAS CORPUS RELIEF
UNDER 28 U.S.C. § 2255  (DOC. NO. 57)**

Petitioner, Kenneth McKoy, has filed a *pro se* motion to vacate, set aside, or correct a

sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, procedural

error by failing to consider §3553(a) sentencing factors, and claiming that as a result, this Court

imposed an unreasonable sentence.  More specifically, petitioner alleges that his counsel was

ineffective at trial for failing to investigate laws applicable to determining whether petitioner

could be classified as a "Career Offender" and for failing to advise him of the possibility that he

could be determined to be a "Career Offender."  He also claims that the Court erred in imposing

a sentence of 188 months instead of 60 to 120 months.


# I.  Background

On September 26, 2006, petitioner was charged in a seven-count Indictment with various

violations of federal law including, at Count Two, "knowingly, intentionally and unlawfully

possessing with intent to distribute less than 100 grams of a mixture and substance containing a

detectable amount of heroin, a Schedule I controlled substance" in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2  See criminal docket no. 06-332, doc. nos. 19-20.

Petitioner entered into a plea agreement with the Government whereby he agreed to plead guilty to Count Two of the Indictment and waive his right to appeal absent certain circumstances, and the Government agreed to: (1) withdraw all remaining counts and (2) move to have the United States Sentencing Guideline (USSG) offense level reduced by 3 for acceptance of responsibility. On March 23, 2007 petitioner entered a plea of guilty as to Count Two and was ultimately sentenced to a 188-month term of imprisonment which was the <u>lowest</u> amount of time under the guideline range.

Before accepting petitioner's guilty plea on March 23, 2007, this Court conducted a plea colloquy. During this colloquy, after petitioner was sworn, petitioner confirmed the following: he had an opportunity to talk to his attorney before the plea hearing; he was 23 years old with a tenth-grade education; he could speak and understand English; he had ingested no alcohol, drugs or medication within the 48 hours preceding the hearing; he was not under the care of a physician or psychiatrist; and, he had not currently been hospitalized or treated for drug abuse.

In addition to asking petitioner these questions, petitioner affirmed for this Court that: he read the entire Indictment with his attorney; he understood the charges that were set forth in the document; and that he had no questions about the crimes charged against him in the Indictment.

Next, this Court detailed all of the trial rights petitioner would forego if he chose to plead guilty to one or more of the charges in the Indictment. The Court also detailed for petitioner what the Government would be required to prove during a trial, if the petitioner opted to go to trial.

Next, this Court informed petitioner that the maximum sentence that could be imposed "under the laws for the commission of these crimes, you and the government have agreed, and as

2

set forth in the plea agreement, is a term of imprisonment of not more than 30 years, a fine of two million dollars, a term of supervised release of six years, and a special assessment of $100." Doc no 54, pp.8-9. Petitioner stated that he understood this was the potential sentence that this Court was authorized to impose. The Court further explained to petitioner that it could not determine what the actual sentence would be imposed until it reviewed the presentence report and any challenge that petitioner or the Government might raise to the presentence report. *Id.*, pp. 9-10.

At this point in the proceedings, the Government stated its position and indicated, ". . . the defendant is a career offender. Therefore, the offense level is, after acceptance of responsibility, Level 31, criminal history category of 6. The guideline range is 188 to 235. And in fact, Your Honor, the plea agreement sets forth that, as the parties agree." This Court then asked petitioner's attorney if the parties had agreed, and Petitioner's counsel responded by stating, "We've agreed that that is the range. That is not, of course, what the sentence is that we expect to be imposed."

Petitioner signed the plea agreement and confirmed for the Court that he knew and understood the content of the agreement. The Court then asked and received answers to the following questions:

> THE COURT: . . . Sir, have you read and reviewed the agreement with your counsel?
> THE DEFENDANT: Yes.
> THE COURT: DO you fully understand all the terms of the agreement?
> THE DEFENDANT: Yes.
>         *     *     *
> THE COURT: Do you understand, I am not bound by any recommendation of sentence your attorney and/or the government may have suggested or agreed to, nor by the government's agreement not to oppose your attorney's requested sentence, if any, and that the Court could sentence you up to the maximum

> sentence permitted by the statute?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand, if I decline to
> impose any sentence recommended by the prosecution and/or your
> attorney, and impose a more severe sentence, you will not be
> entitled to withdraw your guilty plea for that reason?
> THE DEFENDANT: Yes.

*Id.*, pp. 12-13.

Additionally, the Government's attorney was asked to summarize the contents of the plea agreement for the petitioner and the Court. The Government's attorney summarized the agreement as follows nothing Petitioner was agreeing to give up certain appeal rights, including his right to file a § 2255 Petition. *Id.*, pp. 20-21. After hearing the summary, this Court reiterated the key collateral review and appellate rights petitioner would forego by entering a plea of guilty:

> THE COURT: Counsel, is that an accurate summary of
> the plea agreement?
> MR. GREENFIELD: It is, as embodied in the written
> form dated March 5th, 2007, Your Honor.
> THE COURT: Do you agree, sir?
> THE DEFENDANT: Yes.
> THE COURT: Sir, do you understand that by the plea
> agreement, you're giving up your right to appeal, except as
> you have specifically reserved that right for the limited
> purpose of appealing this Court's order denying your motion to
> suppress, and that you are giving up any right you may have to
> file a motion to vacate sentence on any other ground under
> Title 28, United States Code, Section 2255 for habeas corpus
> relieve, and that you are also giving up other valuable rights
> to obtain collateral review of your sentence.
> THE DEFENDANT: Yes.

*Id.,* p. 21.

At the end of the plea hearing, petitioner pled guilty to Count Two of the Indictment, the

Court accepted the guilty plea and set a date for the sentencing hearing.

After receiving the presentence investigation report, the Court received the Government's sentencing memorandum which explained that petitioner was a "Career Offender" under USSG 4B1.1 because he had been arrested on separate dates with respect to two prior convictions for felony drug offenses. The Government noted that although the arrests were close in date, they nevertheless constituted separate offenses. The Government also noted that petitioner had a lengthy criminal history dating to back to age 14, and explained that even without being considered a "Career Offender," his criminal history score was a V. The Government concluded that given petitioner's criminal history and his score, his categorization as a "Career Offender" did not overstate his likelihood to offend again upon release. See doc. no.44.

In petitioner's Statement in Mitigation of Sentence, counsel for petitioner stated:

[petitioner] has no objection to the basic factual statements of the Presentence Investigation Report. However, based on a combination of factors, including his youth, [petitioner] submits that his Career Criminal Classification and its penalty of 188 to 235 months, though technically correct, over-represents his criminal history, in the extreme. Applying the standards of 18 U.S.C. 3553, the advisory nature of the [USSG] since *Booker*, and even the pre-*Booker* downward departure case law, as well as present relevant case law, [petitioner] urges this Court to reasonably exercise its discretion and impose a sentence less than the 188 to 235 months Guideline sentence . . . and impose one more in accord with the Guideline sentence for Non Career Criminal defendants perpetrating the crimes involved here.

See doc no. 45.

On August 7, 2007, this Court held a sentencing hearing and indicated that it reviewed the petitioner's Statement of Mitigation (doc. no. 45) along with all other relevant documents. See doc no. 55. During this hearing, the Court specifically requested that petitioner's counsel discuss the Section 3553 factors to assist the court in reaching a just sentence. *Id*. In addition to

making an eloquent argument requesting mitigation of petitioner's sentence, petitioner's counsel

presented petitioner's father who requesting leniency on behalf of petitioner. *Id.* After hearing all

oral argument on the matter, this Court imposed a sentence of 188 months, the low end of the

guideline range. *Id*. In reaching this sentence the Court explained as follows:

> The offenses for which you pled guilty, and then, the ones for which you've taken responsibility, are indeed serious offenses. It's clear that the prior punishment that you received has not changed your conduct. The amount of drugs that you've been dealing with and the consistency of that pattern of action over a fairly extensive period of time, albeit you're still relatively young, is excessive.

> So I believe this punishment is necessary. Not really ever indicated any desire in your history, as I go through the presentence report, of trying to break out of the cycle that you've chosen to place yourself in. Additionally, the Court had considered all of the other factors set forth in Title 18, United States Code 3553(a). I've concluded -- I've considered the matters that your excellent counsel has raised in the motion for a downward departure. I've also considered the nature and circumstances of this particular offense, and your history and characteristics that I've mentioned as set forth in the pre-sentence report. I've considered the kinds of sentences available for this offense; chose to sentence you at the lower end of the guideline range. I've considered the sentencing guideline range, as I've mentioned, and the applicable policy statements adopted by the Sentencing Commission. I've also considered the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty or pled guilty for similar conduct.

> As I mentioned, I have carefully considered the arguments set forth in the motion for downward departure, and I've denied that motion. I would also incorporate the reasons set forth in the Court's rulings and findings [doc. no. 46] in that regard. And quite frankly, and unfortunately, don't find it appropriate to grant a variance from those guidelines, in light of your history. Although the prior two offenses may make the defendant a career criminal under the guidelines, are not the worst drug offenses I've seen, they are substantial trafficking offenses. And equally, more importantly, the offenses are not out of character for this defendant.

> You, obviously, are going to spend a substantial part of your life incarcerated now, and you'll come out, and you'll either return to your ways, and then, probably spend the rest of your life in prison, or you will conform your conduct to this society. And that choice will be up to you, just like the choices

you've been making over the last almost decade now.

So, I hope that your time in prison will be used well and wisely by you. That would be a decision that you have to make.

*Id.*, pp.13-15.

Immediately thereafter, petitioner appealed his sentence to the United States Court of Appeals for the Third Circuit claiming that this Court failed to address petitioner's counsel's specific arguments that petitioner's criminal history was overstated and thus made procedural errors by refusing to grant a downward departure and/or a variance. In response to these arguments, the Government noted that petitioner had waived his right to appeal his sentence on these grounds, alternatively arguing that this Court did not commit such an error. The Court of Appeals affirmed the sentence on October 27, 2009, finding that petitioner had waived his right to appeal. Petitioner now files his first *pro se* motion for post-conviction relief.[1]

## II. Petitioner's Section 2255 Petition

Petitioner's petition indicates that the grounds for his petition are as follows: (1) "ineffective assistance of counsel" for failure to "investigate the laws applicable to the determing [sic] me to be a Career Offender. Had Mr. Greenfield investigated the law he would have discovered that I did not qualify as a Career Offender"; (2) "ineffective assistance of counsel" for failure to "advise me of the possibility of being determined to be a Career Offender during the development of the plea. He also failed to explain the minimum and maximum sentences I would

---

[1] Although the Court notes that this Petition filed on June 21, 2010 is not timely filed, and despite the fact that as part of the plea agreement, petitioner waived his right to file this § 2255 Petition, this Court will nevertheless address the merits of the Petition.

be subject to if I pled guilty while being a Career Offender . . ."; and (3) ineffective assistance of counsel for "failing to object to improper procedure" during the plea hearing when the Court noted that petitioner was a "Career Offender" before the pretrial investigation report was prepared; and (4) ineffective assistance of counsel for failing to "fully investigate all element [sic] of my admitted criminal offences [sic] and the applicable sentences." Petitioner seeks (1) an evidentiary hearing on these four matters and (2) a reduction in his sentence from 188 months to a range of 60 to120 months.

### III.  Standards for Reviewing Section 2255 Petitions

**A.     28 U.S.C. § 2255: Petition to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody**

Section 2255 of Title 28 of the United States Code provides that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress  claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Further, section 2255 provides that unless the motion to vacate, files and records "conclusively show" that the petitioner not entitled to relief, the court shall:

> cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment

vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

When a defendant brings a motion to vacate sentence pursuant to section 2255, the district court has discretion whether to conduct an evidentiary hearing. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)). Exercise of that discretion is constrained by section 2255, however, which requires the district court to hold an evidentiary hearing "'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *Id.* (quoting *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). This is not a high bar for a movant to meet, especially since the district court, in considering a section 2255 claim, "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Id.* (quoting *Forte*, 865 F.2d at 62).

Thus, a section 2255 motion "'can be dismissed without a hearing [only] if (1) the [movant's] allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). A district court's decision not to hold an evidentiary hearing may be reversed for abuse of discretion if "the files and records of the case are inconclusive on the issue of whether movant is entitled to relief . . ." *Id.* at 131 (citing *Solis v. United States*, 252 F.3d 289, 294-95 (3d Cir. 2001)).

In addition to the above, a petitioner may encounter yet another insurmountable procedural barrier that bars *habeas corpus* relief – namely, petitioner's knowing, understanding and voluntary waiver of his rights to appeal and to collaterally attack his conviction and sentence. A defendant's waiver of his right to appeal and to collaterally attack his sentence pursuant to a plea agreement will be upheld, as long as he does so knowingly and voluntarily. *United States v. Khattak*, 273 F.3d 557, 558, 563 (3d Cir. 2001) (holding that, as a matter of first impression, waivers of right to appeal are permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice, and that defendant's waiver of his appeal rights contained in a plea agreement was knowingly and voluntarily made); *United States v. Gwinnett*, 483 F.3d 200, 205 (3d Cir. 2007) (holding that the Court of Appeals would not review the merits of sentencing appeal because defendant knowingly and voluntarily waived her right to appeal). The United States Court of Appeals for the Third Circuit extended *Khattak*'s reasoning and holding to uphold a waiver of the right to file a section 2255 or other petition seeking collateral relief from a sentence. *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008).

**B.     Rules of Procedure for Section 2255 Proceedings**

The Rules Governing Section 2255 Proceedings for the United States District Courts (hereafter "Section 2255 Rules") apply to proceedings on an application for relief under Section 2255. Habeas corpus proceedings are *sui generis*. *United States v. Bendolph*, 409 F.3d 155, 166 (3d Cir. 2005). The Federal Rules of Civil and of Criminal Procedure may be applied in section 2255 proceedings, except to the extent they are inconsistent with the Section 2255 Rules, which will prevail in the event of inconsistency. *Id.*; Section 2255 Rule 12 .

The Section 2255 Rules require the district court to conduct a prompt preliminary review

of a motion to vacate sentence.  Section 2255 Rule 4(b) states, in pertinent part:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response, within a fixed time, or to take such other action the judge may order.

Section 2255 Rule 4(b).

Rule 5(a) provides that the "respondent is not required to answer the motion unless a judge so orders." Section 2255 Rule 5(a).  In this case, this Court  has not directed the government to respond to defendants motion to vacate.

The Supreme Court has stated that a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course.  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Yet, discovery is not precluded entirely and Rule 6 of the Section 2255 Rules allows a court to "authorize a party to conduct discovery" under the Federal Rules of Civil or Ciminal procedure, or in accordance with the "practices and principles of law," if the party is able to show "good cause" for the discovery requested.  Section 2255 Rule 6(a).  At a minimum, the petitioner must provide specific allegations from which the court may determine whether granting the request would enable the petitioner to demonstrate he or she is entitled to relief.  *Bracy*, 520 U.S. at 904.  Rule 6(a) also allows for the appointment of counsel under 18 U.S.C. § 3006A, if "necessary for effective discovery."  Section 2255 Rule 6(a).

Section 2255 Rule 7 provides that, as part of the screening process, "the judge may direct the parties to expand the record by submitting additional materials," and may require such materials to be authenticated, provided the court gives to the party against whom the additional

materials are offered notice and an "opportunity to admit or deny their correctness."  Section

2255 Rule 7(a), (c).  Such materials include letters predating the filing of the motion, documents,

exhibits and answers under oath to interrogatories propounded by the judge, and affidavits.

Section 2255 Rule 7(b).

"If the motion is not dismissed, the judge must review the answer, any transcripts and

records of prior proceedings, and any materials submitted under Rule 7 to determine whether an

evidentiary hearing is warranted."  Section 2255 Rule 8(a).  If the Court determines that an

evidentiary hearing is warranted, counsel must be appointed to represent petitioner at such

hearing under 18 U.S.C. § 3006A, and the court should schedule the hearing "as soon as

practicable after giving the attorneys adequate time to investigate and prepare."  Section 2255

Rule 8(c).

C.      **The Procedural Default Rule and the "Cause and Actual Prejudice"
        Standard**

"Relief under 28 U.S.C. § 2255 is not available to correct errors that could have been

raised at trial or on direct appeal."  *DiModica v. United States*, 2007 WL 2212853, at *2 (D.N.J.

July 31, 2007) (citing *United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993)).  If a defendant

attempts to raise such errors in a section 2255 motion, the motion will be "procedurally barred."

*Id.* (citing *United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003)); *see also Hodge v. United*

*States*, 554 F.3d 372, 379 (3d Cir. 2009) ("Put differently, a movant has *procedurally defaulted*

all claims that he neglected to raise on direct appeal.") (emphasis added).

However, "courts will exempt a movant from [the procedural default rule] if he can prove

. . . that there is a valid cause for the default, as well as prejudice resulting from the default."

*Hodge*, 554 F.3d at 379. As the *Hodge* case stated, plausible ineffective assistance of counsel claims that, if proven, would rise to the level of Sixth Amendment violations, constitute sufficient cause to excuse procedural default. *Id*. (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) and *Wise v. Fulcomer*, 958 F.2d 30, 34 n. 9 (3d Cir. 1992)).

The "cause and actual prejudice" standard was formulated in *United States v. Frady*, 456 U.S. 152, 167-68 (1982), where the Supreme Court stated: "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." To prove "actual prejudice," the movant must show that the alleged trial error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," *id.* at 170, and that there is a substantial likelihood that, absent the error, a jury would have acquitted him, *id.* at 172.

### D.     Ineffective Assistance of Counsel

In *Massaro v. United States*, 538 U.S. 500 (2003), the Supreme Court held that the procedural default rule was neither a statutory nor constitutional requirement, but rather, a device used by courts to promote judicial economy and the finality of judgments. *Id.* at 504. The Court further held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* The standard for deciding an ineffective-assistance-of-counsel claim remains the less stringent two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

In order to succeed on such a claim, a defendant must show (1) that his or her counsel's performance was deficient and (2) that he or she was prejudiced by it. *Lilly*, 536 F.3d at 195 (citing *Strickland*, 466 U.S. at 687). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *Booth*, 432 F.3d at 546 (quoting *McCoy*, 410 F.3d at 132 n.6).

Under the first prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objective standard of reasonableness,' given the particular circumstances of the case at hand." *Hodge*, 554 F.3d at 379 (quoting *Strickland*, 466 U.S. at 688). In reviewing counsel's performance, the court must be "highly deferential," which entails "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (quoted in *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007)). In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quoted in *Hankerson*, 496 F.3d at 310). To rebut this presumption, the movant "must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions could never be considered part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005). However, the reviewing court may not indulge in hindsight or "engage in speculation about how the case might best have been tried." *Hess v. Mazurkiewicz*, 135 F.3d 905, 908 (3d Cir. 1998).

Under the prejudice prong of the *Strickland* test, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Hankerson*, 496 F.3d at 310 (quoting *Strickland*, 466 U.S. at 694). Accordingly, the movant will not be entitled to relief "unless [he or she] affirmatively establishes the likelihood of an unreliable verdict." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993).

The *Strickland* test applies to the performances of both trial and appellate counsel. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004); *United States v. Gray*, 558 F.Supp.2d 589, 595 (W.D. Pa. 2008); *Showers v. Beard*, 586 F.Supp.2d 310, 330 (M.D.Pa. 2008). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see *Jones v. Barnes*, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994). "The test for prejudice in the appellate context is not whether petitioner would likely prevail upon remand, but whether the sentence or judgment would likely have been reversed and remanded if the issue had been raised on direct appeal." *Id.* (citing *United States v. Mannino*, 212 F.3d 835, 847 (3d Cir. 2000)).

Appellate counsel is not obligated to raise all issues, but may select those which maximize the likelihood of a successful appeal. *Id.* (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance be overcome." *Smith*, 528 U.S. at 288,Thus, to show that appellate counsel was ineffective, "a defendant must do more than show that counsel failed to raise every non-frivolous issue." *Gray*, 558 F.Supp. 2d 595. Furthermore, a defendant who

claims to have been prejudiced by ineffective assistance of appellate counsel "must show that 'there is a reasonable probability that the result of the appeal would have been different had counsel's stewardship not fallen below the required standard.'" *Id.* (quoting *Mannino*, 212 F.3d at 845).

## IV. Analysis

Petitioner raises four ineffective-assistance-of-counsel arguments in his § 2255 petition. Petitioner requested an evidentiary hearing on these matters. The Court will deny the request to hold an evidentiary hearing because the allegations made by petitioner "cannot be accepted as true because they are: contradicted by the record, inherently incredible, and/or conclusions rather than statements of fact." *McCoy*, 410 F.3d at 134. For similar reasons, discussed at greater length below, the Court has determined that under *Strickland*, the petitioner has failed to allege any sufficient facts that would tend to prove that his counsel provided him with ineffective assistance and thus, the Court will dismiss the § 2255 motion in its entirety. Each of the petitioner's four arguments will be addressed *in seriatim* below.

### A. Ineffective Assistance of Counsel for Failure to Investigate Applicable Law Determining Petitioner to be a Career Offender

Petitioner essentially argues that his attorney, Stanley Greenfield, failed to "investigate the law" which would have provided petitioner with a way to avoid being labeled a "Career Offender." This argument is clearly contradicted by the record in this case.

As noted above, during the plea hearing, petitioner's counsel agreed to the range of the sentence (implying that the petitioner's criminal history would label him a "Career Offender" and thus place him within a guideline range of 188 to 235) that this Court could impose at a later

date. However, counsel also intimated that he would attempt to persuade this Court from sentencing petitioner in accordance with that designation and range. See doc. no. 54, p. 10 ("We've agreed that that is the range. That is not, of course, what the sentence is that we expect to be imposed.").

In addition, prior to the sentencing hearing, petitioner's counsel submitted a document outlining the petitioner's argument that although he "technically" qualified as a career criminal thus subjecting him to a penalty of 188 to 235 months of incarceration, he requested a sentence of less than that due to various factors. See Statement in Mitigation of Sentence, doc. no. 45. Based on the "technically correct" statement in petitioner's Statement in Mitigation of Sentence it is clear to this Court that petitioner's counsel had conducted relevant and accurate research with respect to the petitioner's "Career Offender" status.

The Statement in Mitigation of Sentence urged this Court to depart downward and/or vary from the USSG recommended penalty. *Id*. In the Statement, counsel argued that this Court could grant a variance and/or depart downward from the recommended sentence based on the application of the standards under 18 U.S.C. § 3553, the advisory nature of the USSG, and relevant case law. Although this Court was not ultimately persuaded to either depart down or vary from the 188 to 235 USSG range, it recognized that it had the authority to depart or vary but declined to exercise its discretion to do so, and did sentence petitioner to the lowest end of that range.

In sum, this Court finds that petitioner's allegations that his counsel failed to research the applicable law which rendered him to be a "Career Offender" are wholly inapposite to the evidence of record and thus, petitioner is not entitled to a hearing on this claim.

Turning to the merits of the petition, and upon careful consideration of the facts outlined above, this Court finds that petitioner cannot meet the first prong of the *Strickland* test. The record establishes that petitioner's counsel did not render ineffective assistance. To the contrary, based on the record as a whole, and specifically those portions of the record referenced above, this Court finds that petitioner's counsel's conduct fell within the range of "reasonable professional assistance." *Strickland*, 466 U.S. at 689. In fact, the record shows that petitioner's counsel made a well-reasoned, well-researched, and impassioned argument on behalf of his client to convince this Court to grant a variance or downward departure from the USSG range of 188 to 235. Thus, this Court finds that petitioner's counsel's performance did not fall below an objective standard of reasonableness, given the particular circumstances of this case.

Petitioner also fails to meet the second prong of the *Strickland* test, because he has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As noted above, the record in this matter is inapposite to a finding of error on the part of petitioner's counsel. The record clearly show's counsel did investigate the applicable law determining petitioner to be a "Career Offender" and further shows how counsel attempted to persuade this Court to avoid sentencing him as such. Thus, no error on petitioner's counsel's part exists. Accordingly, this Court does not find that petitioner is entitled to relief on his claim for ineffective assistance of counsel for failure to investigate the law rendering petitioner to be a "Career Offender."

**B. Ineffective Assistance of Counsel for Failure to Advise Petitioner of the Possibility of Being Determined to be a "Career Offender" During the Development of the Plea and Failure to Explain the Minimum and Maximum Sentences Petitioner Would be Subject to upon Pleading guilty as a Career Offender**

Petitioner essentially argues that his attorney failed to inform him that he could be deemed a "Career Offender" and simultaneously failed to explain the impact on sentencing that this moniker imparts. This argument, like the first, is belied by the record.

First, during the plea hearing, before petitioner entered his plea, this Court asked and petitioner affirmed that: he read the entire Indictment with his attorney; he understood the charges that were set forth in the document; that he had no questions about the crimes charged against him in the Indictment; that the maximum sentence that could be imposed for the commission of the crimes set forth in the plea agreement was a term of imprisonment of not more than 30 years; and that this was a potential sentence that this Court was authorized to impose.

Also during the plea hearing the Government stated its position with respect to sentencing and in so doing, labeled petitioner as a "Career Offender." The Government then specifically stated it would request a sentence in accordance with the guideline range of 188 to 235 months. In response to the Government's position, petitioner's attorney confirmed that the parties had agreed that 188 to 235 months was the USSG range for a "Career Offender," but petitioner's counsel intimated that he "expected" the Court to impose something less than the range. Doc. no. 54, p. 10.

Subsequently, petitioner signed the plea agreement and confirmed for the Court that he knew and understood the content of the agreement. The Court then asked and received answers

to the following questions:

> THE COURT: . . . Sir, have you read and reviewed the agreement with your
> counsel?
> THE DEFENDANT: Yes.
> THE COURT: Do you fully understand all the terms of the agreement?
> THE DEFENDANT: Yes.
> \*     \*     \*
> THE COURT: Do you understand, I am not bound by any
> recommendation of sentence your attorney and/or the government
> may have suggested or agreed to, nor by the government's
> agreement not to oppose your attorney's requested sentence, if
> any, and that the Court could sentence you up to the maximum
> sentence permitted by the statute?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand, if I decline to
> impose any sentence recommended by the prosecution and/or your
> attorney, and impose a more severe sentence, you will not be
> entitled to withdraw your guilty plea for that reason?
> THE DEFENDANT: Yes.

*Id.*, p. 12. The petitioner also admitted that other than what was set forth in his plea agreement, no one had predicted or promised him what his actual sentence would be. *Id.*, p. 13.

At the end of the hearing, after petitioner signed the plea agreement, but before actually pleading guilty, the Court summarized the relevant portions of the plea agreement, specifically noting that the "parties have agreed that pursuant to Section 4B1.1A of the Sentencing Guidelines, the offense level is 34; should be reduced by three points, to give an offense level of 31. And the guideline range is 188 to 235." *Id.*, p. 21. Based on the foregoing, petitioner admitted that he understood the plea agreement and that he understood the penalties, specifically the potential term of incarceration, if he plead guilty to Count Two of the Indictment. *Id.*

In sum, during the plea hearing, this Court endeavored to determine whether petitioner willingly and knowingly entered into the plea agreement. This Court found petitioner to be

competent at that time, and petitioner indicated that he had answered all of the Court's questions truthfully. Because this Court explained (more than once) the duration of the potential sentence that could be imposed, and provided petitioner with the exact guideline range for the offense to which he was pleading guilty, defendant has no real basis to claim that he did not know the likely length of his term.

Given the testimony elucidated from petitioner himself during the plea hearing, in conjunction with this Court's observation of his demeanor during his responses to the Court's questions, it is clear to this Court that petitioner was well-informed of the minimum and maximum sentences he could be subject to upon pleading guilty as a "Career Offender." Accordingly, the Court finds petitioner is not entitled to a hearing on this topic.

This Court also finds that petitioner's claim that his counsel did not inform him of the possibility that he could be labeled a "Career Offender" and implications on his sentence if he were so labeled, to be meritless. Applying the two-prong *Strickland* test to the facts above, this Court finds that the assistance rendered by petitioner's attorney's fell within an objective standard of reasonableness thereby meeting the first prong of the test. The record, (and more specifically, petitioner's own admissions made during the plea hearing), makes it clear that petitioner was advised of his possible minimum and maximum sentence as a result of such criminal history. Moreover, petitioner's attorney's advice that he plead to only one count of seven-count indictment even in light of the possible sentence of 188 to 235 months of incarceration and a "Career Offender"status, is sound. Petitioner has proffered nothing to rebut the presumption that, under the circumstances, his counsel's actions might be considered sound trial strategy.

Turning to second prong of the *Strickland* test, the petition has fails to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Again, based on the record, this Court does not find that petitioner's counsel committed any sort of professional error. To the contrary, the record shows that petitioner was well-informed of his possible sentence of 188 to 235 months in light of his "Criminal Offender" status.

Because petitioner cannot meet either prong of the two-part *Strickland* test, this Court finds that petitioner is not entitled to relief on his claim for ineffective assistance of counsel for failure to advise petitioner of the possibility of being deemed a "Career Offender" and the implications that history would have on his sentencing.

### C. Ineffective Assistance of Counsel for Failure to Object to Improper Procedure During the Plea Hearing when the Court noted that petitioner was a "Career Offender" before the Pretrial Investigation Report was Prepared

During the plea hearing, this Court asked the Government for its position with respect to the applicable guideline range. Doc. no. 54, p. 10. In response, the Government stated, ". . . the [petitioner] is a career offender. Therefore the offense level is, after acceptance of responsibility, Level 31, criminal history category of 6. The guideline ranges is 188 to 235. And in fact, Your Honor, the plea agreement sets forth that, as the parties agree." *Id*. In response to these comments, petitioner's counsel stated that they agreed to the range, but further stated, "[t]hat is not, of course, what the sentence is that we expect to be imposed." *Id*. Aside from this exchange, no further mention of the term "Career Offender" was made during the plea hearing by any party or the Court. Given the dialogue among counsel for the Government, petitioner's counsel and the Court during the one time the reference to "Career Offender" was made, and given

petitioner's response, it is clear that the record stands contrary to petitioner's argument.  For this reason, his request for an evidentiary hearing on this topic will be denied.

As noted above, the Court did not label petitioner as a "Career Offender" during the plea hearing, and his criminal history score placed him in the highest criminal history category (VI), without regard to his status as a "Career Offender."  The only mention of the term occurred when the Government was asked for its position with respect to petitioner's sentencing guideline range. The government responded by using the term to support its position with respect to the term of the sentence that could be imposed.  In fact, petitioner's counsel stated that while there was agreement as to the possible sentence range, he stated that he did not expect the Court to impose that sentence.

Accordingly, this Court finds that under the two-part *Strickland* test, petitioner's counsel's performance fell within the range of reasonable professional assistance in agreeing with the range but intimating that he would be requesting a variance and/or downward departure from it. In addition, because counsel committed no error in his handling of the statement made by the Government, petitioner cannot meet either prong of the two-part *Strickland* test.  As such, this Court finds that petitioner is not entitled to relief on his claim for ineffective assistance of counsel for failure to object to use of the phrase "Career Offender" by the Government.

### D.  Ineffective Assistance of Counsel for Failure to Fully Investigate All of Petitioner's Admitted Criminal Offenses and the Applicable Sentences

As noted above, after the Presentence Investigation Report was prepared, petitioner's counsel prepared and filed a Statement in Mitigation of Sentence on behalf of petitioner.  Doc. no. 45.  In it, petitioner's counsel essentially asked the Court for leniency due the defendant's

youth and the fact that the criminal classification while "technically correct" over-represented the petitioner's criminal history. See doc. No. 45, p. 1. This document described in detail why each of two prior criminal cases where petitioner was a defendant had been combined for sentencing. The document further advanced legal argument as to why, under the factual circumstances presented in that scenario, the prior offenses should not give cause petitioner to be labeled a "Career Offender" and thus, lead to the imposition of a sentence of 188 to 235 months. *Id*., pp. 2-5. It is clear from this document as well as the record on whole, that petitioner's counsel did investigate the petitioner's prior criminal offenses, noted the impact they had on petitioner's criminal history level (and ultimately, the sentencing range for this offense) which led to his decision to advocate for a variance or a downward departure from the USSG range. Because the record stands contrary to petitioner's argument, his request for an evidentiary hearing on this topic will also be denied.

With respect to the merits of the claim, the record as described in detail above (specifically, the Statement in Mitigation of Sentence filed by petitioner's counsel at doc. no. 45) clearly shows that petitioner's counsel did, in fact, investigate all elements of petitioner's prior criminal offenses and the applicable sentences. Moreover, despite the results of that investigation, the petitioner's attorney utilized his skills in an attempt to convince this Court that it should depart down or vary from the guidelines. In order to make this sort of argument, the petitioner's counsel had to have a clear understanding of petitioner's prior offenses. As such, this Court finds that under the *Strickland* test, petitioner's counsel rendered effective assistance and thus, finds that his conduct falls within the wide range of reasonable professional assistance. Accordingly, this Court finds that petitioner is not entitled to relief on his claim for ineffective

assistance of counsel for failure to investigate petitioner's prior offenses.

Accordingly,

AND NOW, this 12th day of July 2010, for the reasons set forth above, petitioner's

Motion Under 28 U.S.C. § 2255 (doc. no. 57) is HEREBY DENIED.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: Petitioner and all counsel of record